McKERREGHAN v. ALPENA NATIONAL BANK.

1. CHATTEL MORTGAGES—FILING WITH REGISTER OF DEEDS REQUIRED ONLY WHEN COVERING PROPERTY PURCHASED FOR RESALE AT RETAIL.
   Under 3 Comp. Laws 1915, § 11988, filing of a chattel mortgage in the office of the register of deeds is required only when it covers property which had been purchased for resale at retail.

2. SAME—FAILURE TO FILE WITH REGISTER OF DEEDS—PARTIAL INVALIDITY.
   A chattel mortgage covering a stock of drugs and the trade fixtures in the store, which was filed with the city clerk but not in the office of the register of deeds, as required by 3 Comp. Laws 1915, § 11988, was properly held valid in the trial court as to the trade fixtures and invalid as to the stock of merchandise, since its partial invalidity did not affect its valid portions.

Appeal from Alpena; Emerick (Frank), J. Submitted June 5, 1928. (Docket No. 4, Calendar No. 33,735.) Decided July 24, 1928.

Bill by Charles H. McKerreghan against the Alpena National Bank to enjoin the foreclosure of a chattel mortgage. Defendant filed a cross-bill for affirmative relief. From a decree for defendant, plaintiff appeals. Affirmed.

*Frank T. Hinks,* for plaintiff.

*Carl R. Henry,* for defendant.

FELLOWS, J. One LaLonde, a druggist of Alpena, gave a chattel mortgage to defendant bank on his stock of drugs and the trade fixtures in his store. The mortgage was filed with the city clerk but not in the
243—Mich.—31.

office of the register of deeds. Some payments were made on the mortgage, but, a considerable amount being unpaid and past due, the bank started to foreclose. Plaintiff, a creditor, for himself and as assignee of other creditors, filed this bill to restrain the foreclosure upon the claim that the chattel mortgage was entirely void because of failure to file in the office of the register of deeds. Defendant in its answer asked for affirmative relief by way of foreclosure of its mortgage. In the circuit the validity of the mortgage as to the trade fixtures was sustained, as to the stock of merchandise it was denied. The fixtures were sold separately and the proceeds were directed paid to defendant. They brought but a portion of its claim. The proceeds of the merchandise were decreed to the creditors generally. Plaintiff appeals.

The following proviso of section 11988, 3 Comp. Laws 1915 (the transaction having occurred before Act No. 66, Pub. Acts 1925, was passed), is invoked:

"*Provided further,* That when such mortgage or other conveyance intended to operate as a mortgage is given upon a stock of merchandise or merchandise and fixtures or any part thereof purchased for resale at retail then such instrument or a true copy thereof, and of the affidavit thereto attached shall also be filed in the office of the register of deeds of the county where the goods and chattels are located."

While the language used is not as clear as might be desired, it is quite patent that it was the legislative intent to require the filing of the chattel mortgage in the office of the register of deeds when and only when it covered property which had been purchased for resale at retail. There is no testimony tending to show and no claim made that the trade fixtures were purchased for that purpose. The business was a going business and the trade fixtures essential to its continuation. The trial court correctly concluded that the chattel mortgage was valid as to the trade fixtures

and invalid as to the stock of drugs. Its partial invalidity did not affect its valid portions. In *Hubbardston Lumber Co.* v. *Covert*, 35 Mich. 254, it was said by Mr. Justice GRAVES, speaking for the court:

"It is very clear that a conveyance or encumbrance may be bad as to part of the property which is the subject of it, and good as to the residue; and the reason for the distinction is very strong where the object of the invalidating provision is to enable the public to know whether the particular personal property is encumbered or not." ·

The decree will be affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.