CUDAHY BROS. CO. *v.* JOHN W. FREE STATE BANK.

Chattel Mortgages—Recording With Register of Deeds Not Necessary to Validity as to Fixtures Not Purchased for Resale.

> A chattel mortgage covering the stock and fixtures of a retail meat market, recorded with the township clerk, was valid as to the fixtures not purchased for resale, although it was not recorded with the county register of deeds as required by 3 Comp. Laws 1915, § 11988.

Appeal from Van Buren; Weimer (George V.), J., presiding. Submitted June 27, 1928. (Docket No. 150, Calendar No. 33,874.) Decided October 24, 1928.

Bill by Cudahy Brothers Company against the John W. Free State Bank to enjoin the foreclosure of a chattel mortgage. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*David Anderson* (*Jackson, Fitzgerald & Dalm,* of counsel), for plaintiff.

*Earl L. Burhans,* for defendant.

McDonald, J. This bill was filed to restrain the foreclosure of a chattel mortgage. William A. Young owned and operated a retail meat market in the village of Paw Paw, Michigan. In June, 1926, he gave the defendant a chattel mortgage covering his stock and fixtures. The mortgage was filed with the clerk of the township of Paw Paw, but was not filed with the register of deeds of the county as required by section 11988, 3 Comp. Laws 1915. Mr.

Young died April 9, 1928. At the time of his death he owed the plaintiff $268.14. The defendant took possession of the property described in the mortgage except the stock of merchandise, and was proceeding to sell it when restrained by injunction issued in this cause. On the hearing, the circuit judge held that the mortgage, not having been filed with the register of deeds of the county, was totally void as to creditors. From a decree entered enjoining the sale, the defendant has appealed.

The cause was heard on stipulated facts, in which it was stated that:

"The only question raised on this record is whether or not the chattel mortgage is void as against creditors by reason of the failure of defendant bank to file the same for record with the register of deeds of Van Buren county. If it is held by the court to be for that reason void, then the injunction is to be made permanent and the mortgage canceled and the defendant bank remitted to its remedy as an unsecured creditor. If the mortgage is held valid, the injunction is to be dissolved, the bill of complaint dismissed and the defendant bank authorized to proceed with its chattel mortgage sale."

In section 11988, 3 Comp. Laws 1915, it is provided that every mortgage of personal property not accompanied by immediate delivery shall be absolutely void as against the creditors of the mortgagor unless filed as required therein. A proviso reads:

"That when such mortgage or other conveyance intended to operate as a mortgage is given upon a stock of merchandise or merchandise and fixtures or any part thereof purchased for resale at retail, then such instrument or a true copy thereof, and of the affidavit thereto attached shall also be filed in the office of the register of deeds of the county where the goods and chattels are located."

A very similar case involving a construction of this provision of the statute was considered by this court in *McKerreghan* v. *Alpena National Bank*, 243 Mich. 481. In that case as in this, the mortgage covered stock and fixtures. It was held that as to fixtures not purchased for resale at retail it was not necessary to file the mortgage with the register of deeds, and that as its "partial invalidity did not affect its valid portions" it was valid as to the fixtures.

In the instant case it is conceded that the fixtures were not purchased for resale at retail. As to them, the filing of the mortgage with the clerk of the township was a sufficient compliance with the statute.

A decree will be entered in this court dismissing the plaintiff's bill and providing that the defendant may proceed with the foreclosure in accordance with the prayer of its cross-bill. The defendant will have costs.

Fead, C. J., and North, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.